b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| HORACE BILLIOT,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-00102 |
| VERSUS | DISTRICT JUDGE JOSEPH |
| DONNIE BORDELON, ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Defendants Wayne Millus ("Millus"), Samuel Johnson ("Johnson"), Markus Meyers ("Meyers"), Rodney Slay ("Slay"), James Longino ("Longino"), Donnie Bordelon ("Bordelon"), Brent Thompson ("Thompson"), and James Leblanc ("Leblanc") (collectively, "Defendants") filed Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). ECF Nos. 36, 45.

Because Billiot fails to state a viable Eighth Amendment claim against any Defendant, the Motions to Dismiss (LECF Nos. 36, 45) should be GRANTED. Billiot's Motions for Class Certification and Appointment of Counsel (ECF Nos. 40, 59) should also be DENIED AS MOOT.

I. **Background**

Billiot filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, *in forma pauperis,* against Defendants, most of whom are employed at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana, where Billiot is incarcerated. ECF Nos. 1, 18, 31. The named defendants are Meyers (Warden of

RLCC), Bordelon (Deputy Warden at RLCC), Slay (Deputy Warden at RLCC), Thompson (Deputy Warden at RLCC), Johnson (Assistant Warden at RLCC), Longino (Assistant Warden at RLCC), Millus (Assistant Warden at RLCC), and LeBlanc ("LeBlanc") (Secretary of the Louisiana Department of Corrections).[1] ECF Nos. 1, 31. They are sued in both their official and individual capacities. ECF No. 1 at 8.

Billiot alleges that he is incarcerated in one of the "medical tiers" at RLCC– the Cajun-1 "A-2" tier. ECF No. 1 at 3. Billiot, a non-smoker, contends he is involuntarily exposed to environmental tobacco smoke ("ETS") by inmates who purchase smokeless tobacco from the RLCC canteen, dry it out in the microwaves, roll it in pages torn from Bibles, and smoke it inside RLCC. ECF No. 1 at 6.

Billiot contends he suffers from high blood pressure, heart disease, fatty liver, and severe arthritis, and that exposure to ETS is contributing to his high blood pressure and causing headaches, dizziness, coughing, sneezing, breathing problems, and burning, watery eyes. ECF No. 1 at 6; No. 31 at 3-4. Billiot contends he is allergic to tobacco smoke. ECF No. 31 at 6. When he sees the doctor or nurse for the medical problems caused by ETS, they tell him he is not there for those problems, and that smoking complaints must be brought to and addressed by security. ECF No. 31 at 4.

---

[1] The other named Defendants were voluntarily dismissed by Billiot. ECF No. 18.

Billiot further alleges the microwave ovens are "saturated and imbedded" with nicotine, tar, soot, and other harmful chemicals. ECF No. 1 at 7. Billiot contends Defendants are neither enforcing the state law and RLCC policy against smoking in the prison, nor taking measures to discourage it. ECF No. 1 at 7. Billiot further contends he is being deprived of a safe living environment and subjected to cruel and unusual punishment. ECF No. 31 at 4. Billiot alleges current and future harm to his health and safety. ECF No. 1 at 7.

Billiot submitted an affidavit by another inmate of RLCC, Darryl Puderer ("Puderer"), to show the smoking ban is not being enforced at RLCC. ECF No. 1-6. Puderer contends that "security" officers see and ignore "dip cans" full of tobacco ashes, and that inmates caught smoking are usually just told to "put it out." ECF No. 1-6.

Billiot seeks a declaratory judgment, monetary damages, injunctive relief (to preclude Defendants from selling tobacco in the canteen), and costs. ECF No. 1 at 8-9. Billiot also requests a jury trial. ECF No. 1 at 10.

Millus, Johnson, Meyers, Slay, Longino, Bordelon, and Thompson filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 36. Leblanc filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). ECF No. 45.

Defendants also filed a Motion to File Billiot's prison records under seal. ECF No. 47. That Motion is granted below.

Billiot filed two Motions for Class Designation and Appointment of Counsel that are opposed. ECF Nos. 40, 59, 60. Those Motions are denied below.

Billiot also filed a Motion for a Copy of his original Complaint. ECF No. 61. That Motion is granted below.

## II. Law and Analysis

### A. The Law as to a Motion to Dismiss

A court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). "[A] complaint will survive dismissal for failure to state a claim if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016), cert. den., 137 S. Ct. 489 (U.S. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal citation and quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The court must view all well-pleaded facts in the light most favorable to the plaintiff. *See Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016).

For a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), lack of subject matter jurisdiction may be found on any one of the following bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's

resolution of disputed facts. *See Robinson v. TCI/US West Communications, Inc.*, 117 F.3d 900 (5th Cir. 1997). Where subject matter jurisdiction is being challenged, the trial court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case. No presumptive truthfulness attaches to the plaintiff's allegations. *See Montez v. Department of Navy*, 392 F.3d 147, 149 (5th Cir. 2004).

    B.    <u>The Law as to an Eighth Amendment ETS Claim.</u>

Defendants filed a Motion to Dismiss for failure to state a claim on which relief may be granted, contending Billiot has failed to allege or show that he complained to Defendants, or that Defendants were deliberately indifferent to his complaints of ETS. ECF No. 36. Billiot has not opposed that Motion.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment encompasses a right to "reasonable safety," including protection against unsafe conditions that pose "an unreasonable risk of serious damage to [the inmate's] future health." *See Helling v. McKinney,* 509 U.S. 25, 33, 35 (1993); *see also Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016), cert. den., 137 S. Ct. 489 (U.S. 2016).

A prison official's duty to protect against such unsafe conditions arises where the inmate has been placed "under a regime that incapacitates [him] to exercise ordinary responsibility for his own welfare." *County of Sacramento v. Lewis,* 523 U.S. 833, 851 (1998); *see also Legate*, 822 F.3d at 210. In *Helling,* 509 U.S. at 34, the Supreme Court held the Eighth Amendment protects against imminent dangers as well as current unnecessary and wanton infliction of pain and suffering. *See also Legate*, 822 F.3d at, 210. Prison officials may violate the Eighth Amendment's prohibition against cruel and unusual punishment by exposing inmates to ETS. *See Helling,* 509 U.S. at 33-35.

"To prove an Eighth Amendment claim for unconstitutional prison conditions, an inmate must show that he was exposed to an objective risk of serious harm and that prison officials subjectively acted with deliberate indifference to inmate health or safety." *See Valentine v. Collier*, 141 S. Ct. 57 (U.S. 2020) (citing *Farmer* v. *Brennan*, 511 U.S. 825, 834 (1994)).

For the objective component of the burden of proof, a plaintiff must show that he is being exposed to unreasonably high levels of ETS. The objective factor not only embraces the scientific and statistical inquiry into the harm caused by ETS,[2]

---

[2] It is well-established that ETS is dangerous. Courts in this district have given judicial notice to the Surgeon General's 2006 report, "The Health Consequences of Involuntary Exposure to Tobacco Smoke," that concludes the there is no risk-free level of exposure to ETS. *See Davis v. McCain*, 2018 WL 4936566, at *4 (W.D. La. 2018), report and recommendation adopted, 2018 WL 4925676 (W.D. La. 2018); *Tilmon v. Keith*, 2016 WL 6662470, *1 (W.D. La. 2016); *Samuels v. Terrell*, 2015 WL 4092868, *5 (W.D. La. 2015);

but also whether society considers the risk to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. *See Hicks v. Correctional Corp. of America*, 2009 WL 2969768, at *5 (W.D. La. 2009).

On the subjective component, deliberate indifference is a "state of mind" equivalent to "recklessly disregarding" a known and substantial risk. *See Valentine*, 141 S. Ct. at 60 (citing *Farmer*, 511 U.S. at 835-36). The Supreme Court had defined "deliberate indifference" as "subjective recklessness," or a conscious disregard of a substantial risk of serious harm. *See Farmer*, 511 U.S. at 839. Prison officials thus may not "ignore a condition of confinement that is sure or very likely to cause serious illness and needless suffering." *Valentine*, 141 S. Ct. at 60 (citing *Helling,* 509 U.S. at 33).

### C. Defendants' Motion to Dismiss (ECF No. 36) should be granted.

Billiot sued Defendants Millus, Johnson, Meyers, Slay, Longino, Bordelon, and Thompson in both their official and individual capacities. Defendants filed a Motion to Dismiss for failure to state a claim (ECF No. 36). Billiot seeks monetary damages as well as declaratory and injunctive relief against each Defendant.

Section 1983 prescribes redress for conduct by any *person* who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. *See* 42 U.S.C. § 1983.

---

*Samuels v. Arnold*, 2014 WL 1340064, *3 (W.D. La. 2014); *Williams v. Johnson*, 2014 WL 2155211, *4 (W.D. La. 2016).

The Raymond Laborde Correctional Center is a state prison operated by the Louisiana Department of Public Safety and Corrections. It is established that the Louisiana Department of Public Safety and Corrections is an arm of the State of Louisiana and is entitled to Eleventh Amendment immunity. *See Anderson v. Phelps*, 655 F. Supp. 560, 563-64 (M.D. La. 1985); *see also Courville v. Corrections Corp. of America*, 2015 WL 3651299 (W.D. La. 2015); *Loya v. Texas Dept. of Corrections*, 878 F.2d 860, 861 (5th Cir. 1989); *Rowe v. Summers*, 1998 WL 71645, *2 (E.D. La. 1998); *Hultberg v. State*, 1998 WL 30288, *4 (E.D. La. 1998); *Brown v. Bonvillain*, 1997 WL 162155, *3 (E.D. La. 1997).

All Defendants are employed by the Louisiana Department of Public Safety and Corrections. Therefore, a suit against Defendants in their official capacities is a suit against the State of Louisiana. The Eleventh Amendment to the U.S. Constitution bars all suits in law or equity against an unconsenting state. *See Neuwirth v. Louisiana State Board of Dentistry*, 845 F.2d 553, 556 (5th Cir. 1988). Under La. R.S. 13:5106, the state of Louisiana has not waived her immunity under the Eleventh Amendment from suit in federal court. Thus, § 1983 does not provide a federal forum for a litigant seeking monetary recovery against a state official acting in an official capacity, because a state official in his official capacity is seen to be acting on behalf of the State and is not a "person" within the meaning of § 1983. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). Therefore,

the official capacity claims for monetary damages against all Defendants should be dismissed as barred by the Eleventh Amendment pursuant to Rule 12(b)(1).

However, a claim for prospective injunctive or declaratory relief asserted against a state official in an official capacity is not prohibited under the Eleventh Amendment, because such a claim is not treated as a claim against the State. *See Will*, 491 U.S. at 71 n. 10. In *Ex Parte Young,* 209 U.S. 123 (1908), the United States Supreme Court carved out an exception to Eleventh Amendment immunity. *See Aguilar v. Texas Department of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). To meet the *Ex Parte Young* exception, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect. *See Aguilar*, 160 F.3d at 1054 (*citing Saltz v. Tennessee Department of Employment Security,* 976 F.2d 966, 968 (5th Cir. 1992)).

Thus, under *Ex Parte Young,* a federal court may enjoin state officials to conform their future conduct to the requirements of federal law. *See Mayfield v. Texas Department Of Criminal Justice*, 529 F.3d 599, 604–05 (5th Cir. 2008) (*citing McCarthy ex rel. Travis v. Hawkins,* 381 F.3d 407, 412 (5th Cir. 2004)). A claim for monetary damages asserted against a state official in an individual capacity, seeking to impose personal responsibility for actions taken under color of state law, is also allowable in federal court because such a claim is not seen to be asserted

9

against the State but is asserted against the individual alone. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991).

However, to raise a viable § 1983 claim, one must show that a state actor infringed his constitutional rights. See *Pratt v. Harris County, Texas*, 822 F.3d 174, 180 (5th Cir. 2016), *cert. den.,* 137 S. Ct. 1121 (U.S. 2017). Personal involvement is an essential element of a civil rights cause of action. *See Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir.1983), cert. den., 464 U.S. 897 (U.S. 1983); *see also Davis v. Lumpkin,* 35 F.4th 958, 963 (5th Cir. 2022). A plaintiff must show the actions or inactions of each named defendant caused the plaintiff to be deprived of his constitutional rights. *See Rizzo v. Goode,* 423 U.S. 362, 377 (1976).

Billiot has not alleged any specific facts to show that each Defendant was aware that Billiot was being exposed to ETS and that it was making him sick, and that they deliberately ignored the problem.[3] For instance, Billiot has not alleged which members of security walked through his Tier and saw but ignored inmates smoking, and when it occurred. Billiot has not alleged or offered any proof of any acts or omissions by Millus, Johnson, Meyers, Slay, Longino, Bordelon, and Thompson that constituted a violation of Billiot's civil rights.

---

[3] It is noted that Assistant Warden Longino responded to Billiot's First Step grievance, complaining of inmates altering smokeless tobacco and smoking it inside RLCC. ECF No. 1-2. Longino informed Billiot that his claim of smoking in RLCC was investigated, that RLCC is a smoke-free facility, and that any smoking is addressed by issuance of disciplinary reports to violators (rather than through grievances). ECF No. 1-2. It does not appear that Billiot complained in his grievance that the ETS was making him sick. ECF No. 1-2.

Because Billiot has not alleged facts to show that each Defendant violated his constitutional rights, Defendants' Motion to Dismiss (ECF No. 36) should be granted, and Billiot's action for damages and for declaratory and injunctive relief against Millus, Johnson, Meyers, Slay, Longino, Bordelon, and Thompson should be dismissed.

### C.  LeBlanc's Motion to Dismiss (ECF No. 45) should be granted.

Billiot sued Secretary LeBlanc in both his individual and official capacities. Secretary LeBlanc filed a Motion to Dismiss pursuant to Rule 12(b)(1) and (6), for lack of subject matter jurisdiction and failure to state a claim on which relief may be granted.  ECF No. 45.

As discussed above, Leblanc is entitled to immunity from a suit for monetary damages against him in his official capacity.

In his individual capacity, or in his official capacity for prospective injunctive or declaratory relief, the doctrine of *respondeat superior*–which makes an employer or supervisor liable for an employee's alleged tort–is unavailable in suits under 42 U.S.C. §1983.  *See Thompkins v. Belt,* 828 F.2d 298, 303 (5th Cir. 1987); *see also Brown v. Taylor*, 922 F.3d 235, 245 (5th Cir. 2018).  Supervisory officials cannot be held vicariously liable for their subordinates' actions.  Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that cause plaintiff's injury.

11

*See Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992), cert. den., 508 U.S. 951 (1993); *Thompkins*, 828 F.2d at 303.

Billiot has not alleged any specific facts to show that LeBlanc was personally involved in permitting inmates to alter and smoke smokeless tobacco in RLCC, or that he implemented a policy of allowing inmates to do so. Billiot has failed to state an Eighth Amendment claim against Secretary LeBlanc in either his official or individual capacities.

Therefore, Secretary LeBlanc's Motion to Dismiss (ECF No. 45) should be granted.

D. <u>Billiot's Motions for Class Certification and Appointment of Counsel should be denied as moot.</u>

Billiot filed two Motions for Class Certification and Appointment of Counsel. ECF Nos. 40, 59. Because Billiot has failed to state an Eighth Amendment claim against any named Defendant, his Motions (ECF Nos. 40, 59) should be denied as moot.

E. <u>Billiot's Motion for Copy should be granted.</u>

Billiot filed a Motion for a Copy of his original complaint (ECF No. 1). ECF No. 61. That Motion is granted. Because Billiot is proceeding *in forma pauperis,* the Clerk shall send Billiot a copy of his complaint without charge.

## III. Conclusion

Based on the foregoing, IT IS ORDERED that Defendants' Motion to File Billiot's Prison Records Under Seal (ECF No. 47) is GRANTED. The Clerk is directed to place the documents at ECF No. 47 under seal.

IT IS ORDERED that Billiot's Motion for Copies (ECF No. 61) is GRANTED. The Clerk of Court is directed to sent Billiot a copy of his original Complaint (ECF No. 1).

IT IS RECOMMENDED that Defendants' Motion to Dismiss (ECF No. 36) be GRANTED and that Billiot's action for damages and for declaratory and injunctive relief against Millus, Johnson, Meyers, Slay, Longino, Bordelon, and Thompson be DISMISSED WITH PREJUDICE.

IT IS RECOMMENDED that Secretary Leblanc's Motion to Dismiss (ECF No. 45) be GRANTED and that Billiot's action for damages and for declaratory and injunctive relief be DISMISSED WITH PREJUDICE.

IT IS RECOMMENDED that Billiot's Motions for Class Certification and Appointment of Counsel (ECF Nos. 40, 59) be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No

other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen

(14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana on this __30th__ day of August 2022.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge

15